UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELIZABETH SEMPLE,                                :
                                                 :
                     Plaintiff,    :    08 Civ. 9004 (HB)
                                                 :
           -against-                       :    OPINION & ORDER
                                                 :
EYEBLASTER, INC., GAL TRIFON,                    :
LEHMAN BROTHERS, INC., and                       :
DEUTSCHE BANK SECURITIES INC.,                   :
                                                 :
                     Defendants.   :
-----------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**

      In an Opinion and Order dated May 26, 2009 ("May 26 Order"), this Court granted in part and denied in part a motion to dismiss filed by Defendants Eyeblaster, Inc. and Gal Trifon (the "Eyeblaster Defendants"), granted in its entirety a motion to dismiss filed by Defendant Deutsche Bank Securities Inc. ("DBSI"), and dismissed *sua sponte* identical claims against Defendant Lehman Brothers, Inc. ("Lehman") (collectively, "Underwriters"). Plaintiff moved for reconsideration of the Court's May 26 Order, for leave to amend the complaint, and for modification of the scheduling order. For the reasons that follow, Plaintiff's motion is denied.

## I. BACKGROUND

      The facts underlying this matter were discussed at length in the May 26 Order, and familiarity is presumed. *See Semple v. Eyeblaster, Inc.*, No. 08 Civ. 9004 (HB), 2009 U.S. Dist. LEXIS 45349, at *3-10 (S.D.N.Y. May 26, 2009). In the May 26 Order, the Court carefully considered and analyzed the allegations in Semple's Amended Complaint, as well as certain other relevant contractual provisions, and concluded that (1) the Amended Complaint failed to state a cause of action against the Underwriters for either tortious interference with contract or breach of contract; (2) the Amended Complaint failed to state a cause of action against the Eyeblaster Defendants for tortious interference with contract; and (3) the Amended Complaint survived dismissal on the claims against the Eyeblaster Defendants for tortious interference with business relations, breach of the implied covenant of good faith and fair dealing, and fraud. Plaintiff filed the instant motion on June 8, 2009. Although the motion is styled primarily as a motion for reconsideration, it seeks reconsideration only to the extent that the May 26 Order denied her any

further opportunities to amend Plaintiff's claims. *See id.* at *40-41. Thus, the motion is a loosely veiled application for leave to amend the Amended Complaint. In support of the motion, Plaintiff contends that she discovered "new evidence" shortly after the May 26 Order was issued that establishes that the Lock-Up Agreement was invalid and unenforceable, and that by extension, any attempt by the Underwriters to bind her to the terms of the Lock-Up Agreement was fraudulent. As such, Plaintiff seeks to amend her complaint to add a claim for fraud against the Underwriters. Plaintiff also contends that the new evidence provides additional facts relevant to the surviving claims against the Eyeblaster Defendants.

## II. DISCUSSION

### A. Legal Standard

A motion for reconsideration under Local Rule 6.3 is appropriate only where "the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted); *see also Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000). The Rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003). The purpose of this restrictive application of the Rules is, among other things, "to ensure the finality of decisions." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (noting that reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources"). "The difficult burden imposed on the moving party has been established 'in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.'" *Perez v. United States*, 378 F. Supp. 2d 150, 154 (E.D.N.Y. 2005) (quoting *Ruiz v. Commissioner of Dep't of Transp.*, 687 F. Supp. 888, 890 (S.D.N.Y.), *aff'd*, 858 F.2d 898 (2d Cir. 1988)). The decision of whether to grant or deny a motion for reconsideration lies within the sound discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983); *Citigroup Global Markets Inc. v. VCG Special Opportunities Master Fund Ltd.*, 08-CV-5520 (BSJ), 2009 U.S. Dist. LEXIS 45819, at *3 (S.D.N.Y. June 1, 2009). "A motion for reconsideration is not an opportunity for the moving party 'to argue those issues already considered when a party does not like the way the original

motion was resolved,'" *Lichtenberg v. Besicorp Group Inc.*, 28 Fed. Appx. 73 (2d Cir. 2002) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)), nor is it an opportunity for the moving party to "advance new facts, issues or arguments not previously presented to the Court," *Caribbean Trading & Fidelity Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (citation omitted).

**B.    Analysis**

In her motion, Plaintiff seeks reconsideration of the portion of the May 26 Order that denied leave to amend her claims for relief.  However, she does not point to a single controlling decision or factual matter that the Court overlooked in reaching the determination that she had exhausted her reasonable opportunities to replead her claims.  The determination of whether a plaintiff is entitled to amend her pleading lies within the sound discretion of the district court.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  The only reason Plaintiff has given to support her request for leave to amend is the discovery of "new evidence;" however, as noted, a motion for reconsideration is not the appropriate forum to raise new facts or arguments. *See Caribbean Trading*, 948 F.2d at 115.

Indeed, Plaintiff's motion appears to be, in substance, a request to overturn the Court's order that her complaint could not be further amended, which is the law of the case.  *See Nairobi Holdings Ltd. v. Brown Brothers Harriman & Co.*, No. 02 Civ. 1230 (LMM) (THK), 2006 WL 617977, at *3-4 (S.D.N.Y. Mar. 10, 2006).[1]  Under the law-of-the-case doctrine, once a court has ruled on an issue, that decision generally should be adhered to in subsequent stages of the same action, unless cogent or compelling reasons militate otherwise.  *See United States v. Crowley*, 318 F.3d 401, 420 (2d Cir.2003).  The reason Plaintiff proffers in support of her motion – her interpretation that new evidence shows that the Lock-Up Agreement was fraudulent – is not sufficiently cogent or compelling to warrant overturning the law of the case at this late stage of the litigation.

Moreover, Plaintiff has failed to show good cause for her untimely application to amend the complaint pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which governs such

---

[1] The one case that Plaintiff cites in support of her motion for reconsideration, *New York v. Gutierrez*, 2009 WL 962250, does indeed stand for the proposition that "[r]econsideration is also appropriate if there is an intervening change of controlling law, new evidence, or the need to correct a clear error or manifest injustice." *Id.* at *2. However, the case that the *Gutierrez* court cites for that proposition was in fact a case concerning a litigant's attempt to overturn the law of the case, rather than a motion for reconsideration under Local Rule 6.3.  *See Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

3

requests once a scheduling order has been put in place and provides that the scheduling order "shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). It follows that a court retains discretion to deny a plaintiff's motion to amend its pleading if, absent a showing of good cause, the motion is made after the time provided for in the scheduling order. *See NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.*, 262 F.Supp.2d 134, 150 (S.D.N.Y.2003). In this case, a scheduling order has been in place since December 2008. Even after that scheduling order was entered, the Court in its discretion granted Plaintiff's request to amend her complaint in January 2009, but expressly noted that it was Plaintiff's "last effort and if [Defendants] prevail on [the] motion [to dismiss] there will be no further opportunity to respond." At this late stage in the litigation, where the Eyeblaster Defendants have already filed their motion for summary judgment, Plaintiff's proffered reasons are simply not sufficient to meet her burden under Rule 16(a).

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion is DENIED. Plaintiff's concomitant request for an extension of time to respond to the Eyeblasters Defendants' motion for summary judgment is also DENIED in part. The deadline for fully briefed dispositive motions will be extended to July 15, 2009. The parties may agree to their own briefing schedule so long as the Court receives courtesy copies of the fully briefed motion on or before that day. As the Court requires a full sixty (60) days to consider the motion, the trial in this matter, should it proceed to trial, will be scheduled in the latter half of September 2009. The parties will be sent a trial notification with the details for submission of pretrial materials approximately one month before the trial date. The Clerk of the Court is instructed to close this motion (Docket No. 49).

**IT IS SO ORDERED.**

**New York, New York**
**June 19, 2009**

_____
U.S.D.J.

4